J. A20001/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

ESTATE OF:  ROBERT D. CLARK, SR.,  :  IN THE SUPERIOR COURT OF
DECEASED  :  PENNSYLVANIA
 :
APPEAL OF:  DONALD B. CLARK,  :  No. 3436 EDA 2013
 :
Appellant  :

Appeal from the Final Decree, November 1, 2013,
in the Court of Common Pleas of Philadelphia County
Orphans' Court Division at No. O.C. N. 201001653DE

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED NOVEMBER 12, 2014**

Appellant appeals from the final decree which dismissed appellant's exceptions to the adjudication of June 18, 2013 and affirmed the adjudication.  Finding no merit to the issues on appeal, we will affirm the final decree.

This case involves a dispute as to whether two sources of money belong to the Estate of Robert D. Clark, Sr., or whether they passed to appellant.  The first item pertains to a multiple-party account held by the deceased and appellant.  Prior to the death of the deceased, appellant removed $24,000 from the account.  The court ruled that since this sum was not in the multiple-party account at the time of death, it did not automatically pass to appellant under 20 Pa.C.S.A. § 6304, but instead reverted to the Estate.  The second item pertains to an IRA account.

Appellant produced an incomplete Change of Beneficiary Form that indicated he was to receive the IRA monies at the decedent's death. The financial institution that housed the account had no record of the Change of Beneficiary Form. The trial court weighed the evidence and found that there was insufficient evidence that the decedent intended to make appellant the beneficiary of the IRA account and awarded it to the Estate. Appellant now brings this timely appeal.

Appellant raises the following issues on appeal:

1. Whether the court applied an incorrect legal standard, misapplied the MPAA, and capriciously disbelieved competent evidence in finding that the $24,000 withdrawn from the American Heritage Federal Credit Union Savings account ("AHFCU Joint Account") by Donald where he was one of two joint account holders, together with his father, the Decedent, became part of Decedent's estate as a result of that withdrawal?

2. Whether the trial court applied an incorrect legal standard, misapplied the Multiple Party Account Act ("MPAA"), and capriciously disbelieved competent evidence in ruling that the proceeds of the American Heritage Federal Credit Union IRA account ("AHFCU IRA") belong to Decedent's estate, where the AHFCU IRA listed Donald as the sole beneficiary on the account, and no evidence was introduced to controvert this intention at the hearing?

Appellant's brief at 6.

We find no error with the trial court's analysis. After a thorough review of the record, the briefs of the parties, the applicable law, and the

J. A20001/14

well-reasoned opinion of the trial court, it is our determination that there is no merit to the questions raised on appeal. The trial court's careful, seven-page opinion, filed on January 31, 2014 (dated January 24), comprehensively discusses and properly disposes of the questions presented. We will adopt it as our own and affirm on that basis.

Accordingly, we will affirm the final decree below.

Final decree affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2014

# COURT OF COMMON PLEAS OF PHILADELPHIA

## ORPHANS' COURT DIVISION

O. C. No. 1653 DE of 2010

Robert D Clark Sr, Deceased

Estate of Robert D. Clark, Sr., Deceased

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

20100165305060

Opinion per Pa.R.A.P. No. 1925(a)

O'KEEFE, ADM. J.                                           January 24, 2014

Donald B. Clark has filed an appeal to the Superior Court from a Final Decree which I

signed on November 1, 2013. Said Appeal bears Superior Court Docket Number 3436 EDA

2013.

*Facts*

Robert Donald Clark (hereinafter "Robert Clark") died on October 24, 2009. Robert

Clark was unmarried at the time of his death, but was survived by his three children: Donald B.

Clark, Robert D. Clark Jr., and Kathleen D. Auman. Robert Clark owned the home he lived in at

824 Medway Street, Philadelphia, as well as the home next door at 826 Medway Street,

Philadelphia. Beginning in 1993, Donald Clark lived at the home on 826 Medway Street.

Robert Clark prepared a Will in July 1995. (Exhibit O-1) The Will provided that the

residence at 826 Medway Street would pass to his son Donald Clark and that the residence at 824

Medway Street would be split between his son Robert Clark and his daughter Kathleen Auman.

The residue of the estate was to pass to Kathleen Auman and Robert Clark. Robert Clark and

Kathleen Auman both testified that their father sat each of the children down individually and explained these provisions of the Will. (N.T. 11/7/12 32:8-12. 11/8/12 6:18-20) They both testified that he directed the residue of the estate to pass to them in recognition of the fact that Donald would receive the 826 Medway Street property and in an effort to make the distribution as fair as possible. (N.T. 11/7/12 34:22-24; 44:14-18, 11/8/12 7:20-25, 8:2)

Robert Clark also had a joint savings account with his wife at American Heritage Federal Credit Union. In 1995, following his wife's death, Robert Clark added his son Donald Clark to the account. At the hearings, Donald Clark testified that he was added to the account in order to help his father administer his finances. (N.T. 11/8/12 37:19-22) Additionally, Donald testified that all of the money in the account belonged to his father. (N.T. 11/8/12 38:3-5) In 2009, Donald made 4 separate withdrawals, totaling $24,000.00 from the joint savings account and transferred the money to his personal checking account. The joint savings account did not have check writing ability and Donald testified that he used the money to pay funeral and other estate expenses. (N.T. 11/8/12 42:15-18) Donald also testified that when he took these withdrawals he did not ask for his father's permission and it was not a gift from his father. (N.T. 11/8/12 45:7-14) A withdrawal for $1,500.00 was used to purchase a riding lawnmower. (N.T. 11/8/12 42:3) Donald testified he could not recall specifically what additional withdrawals totaling were used for, but he assumed they were put in his checking account to pay for funeral expenses when his father passed away. (N.T. 11/8/12 42:4-18)

Robert Clark also owned an IRA with American Heritage Federal Credit Union. At some point after his father's death, Donald Clark located a copy of a Change of Beneficiary Form for the IRA which had been executed on April 3, 1995. (Exhibit O-12) The form named Donald Clark as the beneficiary. (Exhibit O-12) Donald testified that he took the form to the credit

2

union and they searched for a copy on file, but could not locate one. (N.T. 11/8/12 48:11-18) Finally, Maryellen Rosengarten, an account services manager at the American Heritage Federal Credit Union testified that the bank was unable to locate the original that they presumably would have received in 1995 or to locate a computer entry referencing the document. (N.T. 11/8/12 76:19-23) Ms. Rosengarten also testified that in these situations, the bank refers the document to the credit union's legal counsel. (N.T. 11/8/12 79:9-14).

### *Procedural History*

By a Decree dated November 4, 2009, the Register of Wills admitted a writing dated October 12, 2009 to probate as the Will of Robert Clark. The Register of Wills also granted Letters Testamentary to Donald Clark as Executor.

On November 3, 2010, Robert Donald Clark, Jr., filed a Notice of Appeal and an accompanying Petition to set aside the Will dated October 12, 2009 and to admit to probate an earlier Will dated July 1, 1995. Donald Clark and Kathleen Auman signed consents allowing the 1995 Will to be probated.

The First and Final Account of Donald Clark, Executor was filed on July 30, 2012. Robert Clark Jr. and Kathleen Auman filed Objections to the Account. Hearings were held on November 7 and November 8, 2012. On June 18, 2013, this Court issued an Adjudication modifying the Account and confirming it absolutely. On July 8, 2013 Donald B. Clark filed Exceptions to the Adjudication. Oral argument on said Exceptions was held on September 30, 2013. By Final Decree, dated November 1, 2013, I dismissed said Exceptions.

3

*Proceeds of the American Heritage Federal Credit Union IRA Account*

In the Exceptions filed to my Adjudication dated June 18, 2013, Donald Clark argues the only evidence demonstrating Robert Clark's intent as to the IRA account is the change of beneficiary form discovered after his death. To support the authenticity of the form, Donald points to its execution in April 1995, around the time the Will was executed, and what appears to be a signature of an employee of the American Heritage Federal Credit Union on the form.

However, the record evidence demonstrated that there were questions as to if the American Heritage form had been properly validated. Testimony from Maryellen Rosengarten, an account services manager at the American Heritage Federal Credit Union, indicated that despite multiple searches no computer records or copy of the form could be found. (N.T. 11/8/12 76:19-23) Additionally, while the form may have been executed in 1995, there was no clear evidence it was delivered to American Heritage Federal Credit Union, or that the signature on the form was from 1995. Presumably the change of beneficiary form could have been rejected by quality control or partially completed and never submitted to the American Heritage Federal Credit Union.

Additionally, both the record and the distribution scheme proposed by the decedent's Will provide compelling evidence that Robert Clark did not in fact wish for the IRA proceeds to pass to Donald. The distribution scheme set forth in the Will aimed to split the residue between Robert and Kathleen. (Exhibit O-1) Additionally, both Robert and Kathleen testified to their father's desire to equalize the distributions to his three children. (N.T. 11/7/12 34:22-24; 44:14-18, 11/8/12 7:20-25, 8:2) Robert and Kathleen stated their father wanted his other cash and investments, including "an IRA that he evaluated to me to be around 60,000 at the time" to pass

to them to compensate for Donald being given one of the properties outright. (N.T. 11/7/12 39:2-4) The Will, together with the testimony of Robert and Kathleen indicated that the IRA proceeds would pass to them, not Donald, as part of the residue.

In my Adjudication dated June 18, 2013 I held that:

"Upon consideration of the Record made by the parties, I hold that the $32,354.97 representing the proceeds of the IRA in question belongs to the Father's estate and cannot be considered a loan to the estate. That is because I am not convinced that the Father wanted said proceeds to pass to Donald on the Father's death."

Based on the foregoing discussion and the record, I respectfully submit that my finding that the IRA belongs to Robert Clark's estate was correct and should be affirmed.

### *Withdrawal from the American Heritage Federal Credit Union Joint Savings Account*

After the enactment of Chapter 63 of the Probate, Estates and Fiduciaries Code, "the ownership of funds held in a joint account is governed by statute." *Estate of Meyers*, 434 Pa. Super. 165, 170 (1994). A joint account "means an account payable on request to one or more of two parties whether or not mention is made of any right of survivorship." 20 Pa.C.S. § 6301. Pursuant to the statutory section on Multiple Party Accounts "[a] joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sum on deposit, unless there is clear and convincing evidence of a different intent." 20 Pa.C.S. § 6303(a).

In *Lanning v. West*, the deceased maintained a joint account with her daughter from which the daughter took money over the deceased's lifetime. 803 A.2d 753 (Pa. Super. 2002). In a suit by the estate to recover the money, the Pennsylvania Superior Court held that while the decedent was alive she was entitled to the portion of the money in the account that was hers. *Id.* Similarly, in *Estate of Kuehn*, money transferred from the decedent's joint account while she was

5

alive was ordered to be paid back to the estate upon the finding that the money in the account was solely contributed by decedent. O.C. No. 1375 PR of 2005 (O.C. Phila. 2009)

At the hearings held in this case, Donald Clark testified that he was added to the account so that he could help handle his father's finances. (N.T. 11/8/12 37:19-22) Additionally, Donald testified that all of the money in the account belonged to his father and that Donald did not contribute to the joint account. (N.T. 11/8/12 38:3-5) Finally, when Donald made the withdrawals totaling $24,000.00 it was without his father's permission and it was not pursuant to a gift made by Robert Clark. (N.T. 11/8/12 45:7-14)

Pursuant to 20 Pa.C.S. § 6303(a) and the relevant case law, the money that was in the joint account belonged to Robert Clark while he was alive. Additionally, because Robert Clark alone deposited money into the joint account, the entirety of the proceeds belonged to him in life. Donald Clark had the burden of proving otherwise, but based on the record in this case there is no support for his contention that the $24,000.00 should be considered a loan.

Donald Clark contends that 20 Pa.C.S. § 6304 controls and requires any money remaining in a joint account to pass to the surviving party on the death of the other party. Donald Clark argues that if the money had remained in the joint account it would have passed to Donald at his father's death so there is no reason to return the $24,000.00 to the estate. However, the $24,000.00 which Donald withdrew while his father was alive was not in the joint account at the time of Robert Clark's death. Since these transfers were made during the lifetime of Robert Clark, § 6303(a), not § 6304 mandates that they be returned to the estate as they were the property of Robert Clark in life.

6

In my Adjudication dated June 18, 2013 I held that:

"Upon consideration of the Record made by the parties, I hold that the $24,000.00 which Donald withdrew from the joint savings account before his Father died must be returned to the Father's estate and cannot be considered a loan to the estate. This is because Donald failed to present clear and convincing evidence that his father intended the funds on deposit in said account should belong to Donald in the Father's lifetime. *See* 20 Pa.C.S. § 6303(a)."

Based on the foregoing discussion and the record, I respectfully submit that my finding that the $24,000.00 withdrawal must be returned to Robert Clark's estate pursuant to 20 Pa.C.S. § 6303(a) was correct and should be affirmed.

## Conclusion

WHEREFORE, for any and all of the above reasons, this Court respectfully submits that the dismissal of the Petitioner's Exceptions by Final Decree dated November 1, 2013 was proper and should be affirmed.

BY THE COURT

_____

O'Keefe, J.

Edward Rostich, Esquire

Jeffrey Hoffman, Esquire

7